Porter, J.
In a suit commenced by the present plaintiff, against the commercial house of J. & P. Fry. Jacob Fry was arrested, and the present defendant, Durnford, became his bail.
Judgment was obtained on the original suit, for the sum of $2024 40 cts., with interest and costs, on which a fieri facias was issued, and returned by the sheriff, “ no property found.”
*382 East’n District.

March, 1822.

A capias ad satisfaciendum was next taken out, and the defendant could not be found.
The plaintiff proceeded to recover by motion, of the defendant, the amount of the judgment, interest and costs, recovered by him in the original action; and to the notice given by him to that effect, the defendant appeared and filed an answer, stating various objections to the recovery, denying that he ever became bail for the said Fry, as alleged, and praying, that the fact be enquired of by the country.
When the motion was about to be heard, the defendant requested that a jury might be empannelled, agreeably to the prayer in his written answer. The court refused to do so, and a bill of exceptions has been taken to that opinion.
To ascertain whether or not the decision of the judge was correct on this point, it is first necessary to examine, what is the real character of this proceeding against bail. The defendant insists, that it is in its nature an original action, and that he is entitled to the same privileges on the trial of it, as if suit had been commenced by petition.
The position I take to be correct, and well founded. It has every feature of an ori *383 ginal suit, except, that it is carried on by written notice of a motion, instead of the ordinary petition. Proof is required of the obligation on which judgment is sought, in the same manner, as the common case of a promissory note. Judgment is given for the first time on the proof, and an appeal lies from it to this court.
There is no doubt, but a party may be as seriously and fatally injured, by an incorrect conclusion on the facts which grow out of an application of the kind, as in any other case of civil suit that can be supposed. If an investigation by a jury is important to the citizen, in any cause, it is necessary to him here, and nothing but positive law should induce, or could authorise any court in this state, to refuse either of the parties this privilege.
That positive law does not, in my opinion, exist. The statute is silent in the manner how the facts shall be tried; there is nothing in the act which denies the right of having such cases investigated by the country; and if this court should deny it, it would be tantamount to saying, that in this state a man could be deprived of the trial by jury, whenever it pleased the opposite party to allege he had become bail for a third person.
Workman for the plaintiff, Hennen for the defendant.
Independent of this reasoning, I consider the principle, involved in this case, to have been already decided in that of Meeker's ass. vs. Williamson's ass., 7 Martin, 314.
I am, therefore, of opinion, that the judgment of the district court be annulled, avoided, and reversed, and that this cause be remanded, with direction to the judge to proceed therein, and to allow the party a trial by jury, and that the plaintiff and appellee pay the costs of this appeal.