Martin, J.
This is an action on a bail bond, against the original defendant and his bail: there was judgment for the plaintiff, and the defendants appealed.
They contend that the judgment ought to be reversed.
1. Because, in the original suit, the oath required by law, previously to the defendant being held to bail, was not made before, the clerk, or judge of the court, or any person authorised by law, to administer it ; consequently bail was irregularly required, and the bond is void. So no legal fi. fa. or ca. sa. issued, therefore, the bond, if not void, is not broken.
2. Because, the present suit was fixed for trial, and tried contrary to the rules of the district court.
*154 3. Because, the assignment of the bail bond was not proved.
1. The plaintiff and appellee replies that the oath was properly taken before the deputy of the clerk of the district court, and if this was irregular, the objection is taken too late.
2. The rule of court, alluded to by the defendants, does not apply to the present case, and the plaintiff had a right to have a jury impannelled instanter.
3. The assignment is admitted by the pleadings; the only issue being bail or not.
4. If it ought to be proven, this ought to have been required in the district court, and a non-suit claimed. After a general verdict, every thing requisite must be presumed to have been proved.
5. The present suit is under the act of 1808, 16, sec. 10; no assignment, or at least no proof of it is required, and the court is directed to give judgment, on proof of the breach of the condition. This act differs from that of 1805. If the plaintiff objected to the sufficiency of the bail, he was required to file his objection within ten days. If none were filed, *155 he was precluded from any recourse against the sheriff, and the bond was assigned. Under this act, the proceedings are for the benefit of the sheriff, as well as the plaintiff.
I. Clerks of courts have had deputies ever since the establishment of the American government in this country; and the act of 1817. appears to have recognised such deputies. The clerk and the sheriff are the only officers which the legislature may have had in view under that act. The attorney-general is not an officer particularly attached to any court. It seems to me, to be too late now to call in question acts done by a deputy clerk.
A deputy clerk may do all acts which his principal can; the administering of an oath, though pretty generally done by a judge, does not seem of itself to be an act strictly in the province of a judge. He pronounces a formula and certifies that the party swears; this certainly is not exclusively a judicial act, and does not require the exercise of more judgment than many acts performed by ministerial officers. I think the affidavit was legally taken by the deputy clerk.
There were a regular fi. fa. and ca. sa. in *156 the cause. Such writs may be issued by a deputy, and when he pursues a form prescribed by law to his principal, he follows it mutalis mutandis.
The entry on the record, that the person acting as deputy clerk, was sworn as such, and his deposition, that he has constantly acted as such, shew him to be deputy clerk de facto, and his acts as such are entitled to credit, even if an informality was shewn in his appointment.
II. Judgment is taken, according to law, against bail on motion. In such a case like that of a rule against syndics, why they should not be ordered to pay a sum of money, the proceedings are in a summary way: that is to say, a trial or hearing is without a formal setting down of the cause, but the party at the trial or hearing has every advantage which is enjoyed in a case commenced by petition. Meeker's ass. vs. Williamson & al. syndics. 7 Martin, 315. I think the case was regularly brought on.
III. There was not any need of the proof of the assignment of the bond, as the general issue was not pleaded, and the assignment was not denied.
*157 I think the judgment should be affirmed with costs.
Mathews, J.
The grounds relied on by the appellant for a reversal of the judgment are: 1. Want of authority in the deputy clerk, to administer the usual oath on which bail may be required. 2. A violation of the rules of the district court, in the trial of the case against the bail, and want of proof of the assignment of the bail bond by the sheriff.
I believe it may be laid down as an undeniable fact, that the clerks of the different courts of the late territorial government, were in the constant habit of acting by deputy, wherever their convenience required it. The same practice has prevailed under the state government; without its legality or propriety having been ever before called in question. It has then been a custom coeval with the American government of the country, and even were we to allow that it originated in error, the maxim would then (if in any case) apply that communis error facit jus. I am of opinion with judge Martin, that this custom has been sanctioned by the legislature in the act relative to deputies of the officers of our courts.
*158 Being satisfied with what has been expressed on the subject of the right of a deputy to perform all the duties which may appertain to the office of his principal in conformity with the general rule, that qui facit per alium, facit perse, and also with that part of judge Martin’s opinion, which relates to the trial of the case in the court below. I shall barely remark that as the execution of the bond is not denied, or rather seems to be admitted, on the part of the bail, the plaintiff was not obliged to prove the assignment of the sheriff. See Peake’s Evidence, 269.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.